vacation rights are not pay unless they are for work actually done,[5] and since they are not merely a perquisite of seniority, they must fall under the heading of "other benefits." Hence, under the language of the Act, appellants must be treated like non-veteran employees on furlough or leave of absence. But non-veteran employees of appellee who were on leave of absence for more than half a year would not be entitled to vacation pay for that year. Therefore, appellants are not so entitled. To grant them such pay would be to discriminate in favor of them as veterans, and against non-veteran employees. That discrimination in favor of veterans is as foreign to the purposes of the Act as discrimination against them, the Supreme Court decided when it passed on the issue of "super-seniority," Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167, A.L.R. 110; Trailmobile Company v. Whirls, 331 U.S. 40, 67 S.Ct. 982.

Affirmed.

Lansing L. Mitchell and John N. McKay, Asst. U. S. Attys., both of New Orleans, La., for appellant.

James David McNeill and Warren M. Simon, both of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

A careful examination of the record convinces us that the order appealed from, dismissing the case without prejudice, after a delay in its prosecution of more than sixteen months, was not reversible error. The judgment is affirmed.

## UNITED STATES v. BERNSTEIN.
### No. 12143.

Circuit Court of Appeals, Fifth Circuit.
March 5, 1948.

Rehearing Denied April 20, 1948.

## LAWRENCE v. SUN OIL CO. et al.
### No. 11997.

Circuit Court of Appeals, Fifth Circuit.
Feb. 20, 1948.

charge the person is to be considered as though he had been at work.

[5] See In re Wil-Low Cafeterias, 2 Cir., 111 F.2d 429; In re Public Ledger, 3 Cir.,

161 F.2d 762, 768; MacLaughlin v. Union Switch and Signal Co., 3 Cir., 1948, 166 F.2d 46.